# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## CRIMINAL DIVISION
### VENUE: OAKLAND

FILED

2006 FEB 16  PM 6:01

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES OF AMERICA,

### V.

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP,
WILLIAM JULIAN,
FARREL J. LECOMPTE, JR.,
SARA J. MAGOON
a/k/a Credence, and
CHARLES DEWEY TOBIAS,

CR 05-00611 DLJ

### DEFENDANT.

SUPERSEDING  **INDICTMENT**

VIOLATIONS: 18 U.S.C. § 1349 -- Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud; 18 U.S.C. § 1341 -- Mail Fraud (36 counts); 18 U.S.C. § 1344 -- Bank Fraud (26 counts); 18 U.S.C. § 401(3) -- Contempt of Court (2 counts); and 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) -- Forfeiture (3 counts)

A true bill.

_____
Foreman

Filed in open court this _____ day of
_____

_____
Clerk

Bail, $ *No bail arrest warrants for Julian, Lecompte, Magoon, & Tobias*

FILED

2006 FEB 16  PM 6: 02

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DIVISION

11 | UNITED STATES OF AMERICA,        )   No. CR 05-00611 DLJ
                                     )
12 |        Plaintiff,                )   VIOLATIONS:
                                     )
13 |    v.                            )   18 U.S.C. § 1349 – Conspiracy to Commit
                                     )   Mail Fraud, Wire Fraud, and Bank Fraud;
14 | DALE SCOTT HEINEMAN,             )   18 U.S.C. § 1341 – Mail Fraud (36 counts);
   | KURT F. JOHNSON,                 )   18 U.S.C. § 1344 – Bank Fraud (26 counts);
15 | THE DOREAN GROUP,                )   18 U.S.C. § 401(3) – Contempt of Court
   | WILIAM JULIAN,                   )   (2 counts); and 18 U.S.C. § 981(a)(1)(C),
16 | FARREL J. LECOMPTE, JR.,         )   28 U.S.C. § 2461(c) – Forfeiture (3 counts)
   | SARA J. MAGOON                   )
17 |   a/k/a Credence, and            )   OAKLAND VENUE
   | CHARLES DEWEY TOBIAS,            )
18 |                                  )
   |        Defendants.               )
19 | _____ )

20

21              S U P E R S E D I N G   I N D I C T M E N T

22 | The Grand Jury charges:

23                     INTRODUCTION

24 | At all times relevant to this Superseding Indictment:

25 |        1.      The Dorean Group was an unincorporated, fictitious entity not licensed to do

26 | business in the State of California that operated a purported debt elimination program. The Dorean

27 | Group was created at a time unknown to the Grand Jury, but not later than January 2004. Dale Scott

28 | SUPERSEDING INDICTMENT

1   Heineman ("Heineman") and Kurt F. Johnson ("Johnson") were founders and principals of the

2   Dorean Group. The Oxford Trust, Baylor Trust, and Universal Trust Services were fictitious entities

3   not licensed to do business in the State of California established and used by Heineman and Johnson

4   to further the Dorean Group's debt elimination program.   "The Dorean Group" hereinafter

5   collectively refers to the Dorean Group, the Oxford Trust, Baylor Trust, and Universal Trust

6   Services.

7        2.      From approximately March 2004 to April 2005, the Dorean Group was operating

8   primarily out of its offices at 29460 Union City Boulevard, Union City, California.  Subsequently,

9   the Dorean Group operated out of its offices at 8371 Central Avenue, Newark, California.  The

10  Dorean Group also used a commercial mailbox address of 32108 Alvarado Boulevard #381, Union

11  City, California.

12       3.      William Julian ("Julian"), Farrel LeCompte Jr. ("LeCompte"), Sara Magoon

13  ("Magoon"), and Dewey Tobias ("Tobias") were "brokers" of the Dorean Group. As Dorean Group

14  brokers, each of them agreed to promote the Dorean Group's debt elimination program and not any

15  other program. Julian, based in South Carolina, conducted his business as a Dorean Group broker

16  under the entity known as Julian Professional Services; LeCompte, based in Texas, conducted his

17  business as a Dorean Group broker under the entity known as D.T.E. Financial Group L.L.C.;

18  Magoon, based in Montana, conducted her business as a Dorean Group broker under the name

19  Credence; and Tobias, based in Florida, conducted his business as a Dorean Group broker under the

20  entity known as Aquila Holdings, L.L.C.  As a prerequisite to serving as Dorean Group brokers,

21  Julian, LeCompte, Magoon, and Tobias subjected each of their loan(s) to the Dorean Group's debt

22  elimination program.

23       4.      Defendants were engaged in a scheme to defraud financial institutions, lenders, and

24  others through a mortgage elimination program. Heineman, Johnson, and the Dorean Group used

25  brokers and the Internet to advertise to borrowers the ability to eliminate the debt on their homes and

26  make money in the process. After recruiting borrowers as clients and collecting fees from them with

27  the assistance of the Dorean Group "brokers," Heineman, Johnson, and the Dorean Group transferred

28  SUPERSEDING INDICTMENT         2

1  property interests of clients into corresponding "family trusts." Heineman and Johnson were trustees

2  of these trusts.  As such, and purportedly on behalf of the clients, Heineman, Johnson, and the

3  Dorean Group caused mailings to be sent to lenders demanding the lenders prove the validity of their

4  loans to the unilateral satisfaction of the Dorean Group within 10 days.  When this demand was not

5  met, Heineman, Johnson, and the Dorean Group caused false recordations to be recorded, allegedly

6  on behalf of the lenders, as part of the title of the mortgaged properties.  In these recordations,

7  Heineman, Johnson, and the Dorean Group purported to act on behalf of the lenders as their agent

8  and attorney-in fact and, as such, transferred the lenders' secured property interests to the

9  corresponding trusts established for each Dorean Group client. Heineman, Johnson, and the Dorean

10  Group then caused the borrower to seek a new loan from a separate lender, to be secured by the

11  seemingly free-and-clear title, keeping a majority of the loan proceeds obtained from the subsequent

12  loan for themselves.  The remaining proceeds of the subsequent loan were divided between the

13  borrower and the Dorean Group broker who recruited the borrower.

14  <u>METHODS AND MEANS OF THE SCHEME TO DEFRAUD</u>

15      5.      Heineman, Johnson, and the Dorean Group caused to be advertised on world-wide

16  Internet websites that it has "a PROVEN, legal and moral way of eliminating your mortgage while

17  adding $32K to your pocket (*based on a $200,000 mortgage)."   These websites provided

18  instructions for prospective clients to apply to the Dorean Group's debt elimination program.

19      6.      Heineman, Johnson, and the Dorean Group charged a fee (the "Dorean Group Fee")

20  to each client of the Dorean Group's debt elimination program.  The Dorean Group Fee consisted

21  of: (1) approximately $1000 to $3000 for each loan the Dorean Group client wished to eliminate, and

22  (2) according to the Dorean Group's standard client service agreement, a "free-will offering of 50%

23  of the REDEEMED mortgage," *i.e.* 50% of a subsequent loan issued by a separate lender.  Because

24  a subsequent loan was referred to as a "refinance loan" in the aforementioned websites, a subsequent

25  loan is hereinafter referred to as a refinance loan. Heineman, Johnson, and the Dorean Group caused

26  recordations to be recorded on its clients' property titles, falsely alleging that loans had been fully

27  repaid.  As a result, the Dorean Group's clients' titles appeared free and clear of any liens and

28  SUPERSEDING INDICTMENT            3

1  encumbrances, and lenders issued refinance loans based upon these appearances.

2      7.      The Dorean Group had several brokers, including Julian, LeCompte, Magoon,

3  and Tobias, located throughout the United States who: (1) solicited borrowers to become clients of

4  the Dorean Group; (2) sometimes charged clients a fee, in addition to the Dorean Group Fee, for the

5  broker services; (3) received a percentage, typically between 10-25%, of any refinance loan obtained;

6  and (4) often hired agents to serve under them to promote the Dorean Group's debt elimination

7  program.

8      8.      Dorean Group Fees were provided to the Dorean Group via money wire transfer,

9  and by checks and money orders payable to the Dorean Group mailed by private commercial

10 interstate carriers and the United States Postal Service (hereinafter referred to as "Mail Delivery")

11 to the Dorean Group's offices and commercial mailbox address.  Dorean Group brokers, either by

12 themselves or through their agent(s), typically collected the Dorean Group Fee and any broker fee

13 from their respective clients.  In these cases, the brokers, either themselves or through their agent(s),

14 sent Dorean Group Fees by Mail Delivery to the Dorean Group in the Northern District of California

15 and by wire transfers to a Dorean Group bank account opened and maintained in the Northern

16 District of California.

17     9.      Client applications were sent to the Dorean Group over the wires, via Internet and

18 electronic mail, and by Mail Delivery.  After a client paid the Dorean Group Fee and any applicable

19 broker fee, Dorean Group brokers, either themselves or through their agents, typically: (1) provided

20 clients with a password to access Dorean Group applications on the aforementioned world-wide

21 Internet websites; (2) sent prepared client applications to the Dorean Group's offices and commercial

22 mailbox address by Mail Delivery and by electronic mail; and (3) communicated with the Dorean

23 Group by Mail Delivery and electronic mail regarding their respective clients and application of the

24 debt elimination program.

25     10.    As part of the Dorean Group's debt elimination program, Heineman, Johnson, and

26 the Dorean Group established trusts ("Trusts").  The trustees of the Trusts were Heineman and

27 Johnson, and the beneficiaries were the Dorean Group's clients.  In furtherance of the program,

28 SUPERSEDING INDICTMENT          4

1   Heineman, Johnson, and the Dorean Group caused Dorean Group clients to record quitclaim deeds

2   with the recorder's office, clerk of the court's office, and register of deeds' office in the jurisdiction

3   in which Dorean Group's clients' properties were located, whereby clients purportedly transferred

4   their respective interests in mortgaged properties to the corresponding Trusts.

5         11.      Heineman, Johnson, and the Dorean Group then caused to be sent by Mail Delivery

6   a "self-executing presentment packet" (hereinafter, "Presentment Packet") consisting of various

7   documents to the lenders of the Dorean Group's clients' loans.   In the Presentment Packet,

8   Heineman, Johnson, and the Dorean Group claimed to be authorized to act on behalf of the borrower

9   and demanded the lender prove the validity of its loan to the borrower within 10 days "to the

10  unilateral satisfaction of the Dorean Group." Heineman, Johnson, and the Dorean Group purported

11  to offer the lender the opportunity to cash a bond that purportedly was issued by an entity overseas,

12  but was backed by Johnson alone, whose signature appears on this alleged bond and who held no

13  substantial assets in his name.   A lender could allegedly cash this alleged bond if the lender proved

14  "to the unilateral satisfaction of the Dorean Group" that the lender's loan to the borrower is valid.

15  If a lender attempted to cash the bond but failed to meet this burden, the lender was, according to

16  language in the Presentment Packet, liable to the Dorean Group for damages "ten times" the amount

17  of the bond.   Wording in the Presentment Packet further alleged that if the lender failed to prove the

18  validity of the loan, the Dorean Group would deem this to be the lender's "tacit assent" and

19  "default,"and would act as the lender's agent and attorney-in-fact to "correct title" on the property

20  secured by lender's loan.   Heineman, Johnson, and the Dorean Group neither had been granted

21  permission to act on behalf of the borrower, nor had been authorized to act on behalf of the lender

22  as its agent and/or attorney-in-fact to correct title on the property secured by the lender's loan.

23        12.      After a Presentment Packet was sent by Mail Delivery to the lender of a Dorean

24  Group client's loan, and at least 10 days had elapsed, Heineman, Johnson, and the Dorean Group

25  caused a "Substitution of Trustee" (and, depending on jurisdiction, a "Specific Power of Attorney"

26  and "Power of Attorney") to be sent, typically by Mail Delivery, to the recorder's office, clerk of the

27  court's office, and register of deeds' office in the jurisdiction in which each client's property was

28  SUPERSEDING INDICTMENT                5

located to be recorded on the client's property title. In this recordation, on which Heineman's signature typically appeared, Heineman, and if he was not able, Johnson, was purportedly acting as agent and attorney-in-fact on behalf of the lender.

13.    Acting allegedly on behalf of the lender as its agent and/or attorney-in-fact, Heineman, Johnson, and the Dorean Group caused a "Full Reconveyance" (and, depending on jurisdiction, "Discharge of Mortgage" and "Satisfaction of Mortgage") to be sent, typically by Mail Delivery, to the recorder's office, clerk of the court's office, and register of deeds' office in the jurisdiction in which the Dorean Group client's property was located to be recorded as part of that property's title. In this recordation, on which Heineman's signature typically appeared and on which Heineman and Johnson represented to be acting as agent and/or attorney-in-fact of the lender, it was falsely claimed that the loan secured by the property had been fully paid, when such loan had not been fully repaid. This recordation caused the Dorean Group client's property title to falsely appear free and clear of any encumbrances, when the lender's secured loan had not been fully paid.

14.    With title appearing free and clear of any encumbrances, Heineman, Johnson, and the Dorean Group caused at least five of its clients to successfully obtain a refinance loan from a separate lender. When a refinance loan was obtained, the Dorean Group, pursuant to its standard client service agreement, received 50% of the refinance loan's proceeds, the Dorean Group client retained approximately 25-40% of the proceeds, and the corresponding Dorean Group broker, if any, received 10-25% of the proceeds. Pursuant to the client service agreement, the refinance loan would be subjected to the Dorean Group's debt elimination program, consistent with the process set forth above, with the refinance loan not fully repaid.

COUNT ONE: (18 U.S.C. § 1349 –   Conspiracy to Commit Mail Fraud, Wire Fraud and
                                 Bank Fraud)

15.    The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16.    Beginning at a time unknown to the Grand Jury, but not later than February 2004,

and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON
THE DOREAN GROUP,
WILLIAM JULIAN,
FARREL J. LECOMPTE JR.,
SARA MAGOON (a/k/a Credence), and
CHARLES DEWEY TOBIAS,

knowingly conspired to:

(a)     devise and intend to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and, in doing so, knowingly caused the United States mails and private and commercial interstate carriers to be used for the purpose of executing this scheme, in violation of Title 18, United States Code, Section 1341;

(b)     devise and intend to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

(c)     execute and attempt to execute a scheme and artifice to defraud financial institutions that issued loans secured by real property and to obtain any of the money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, the deposits of each of which were at that time

1   insured by the Federal Deposit Insurance Corporation, by means of materially false

2   and fraudulent pretenses, representations, and promises, knowing that the pretenses,

3   representations, and promises were false and fraudulent when made, in violation of

4   Title 18, United States Code, Section 1344.

5                                    OVERT ACTS

6       17.     As part of the conspiracy and to further the objectives thereof, Heineman, Johnson,

7   the Dorean Group, Julian, LeCompte, Magoon, and Tobias committed the following overt acts in

8   the Northern District of California and elsewhere:

9       A.     Properties For Which Refinance Loans Were Obtained

10          1.     13738 Hidden Valley Road, Grass Valley, California

11          (a)     On or about May 12, 2004, the Dorean Group caused to be mailed a

12   Presentment Packet to GreenPoint Mortgage Funding, Inc. ("GreenPoint") relating to a $63,600 loan

13   secured by the property at 13738 Hidden Valley Road, Grass Valley, California.

14          (b)     Between about May 7, 2004 and May 12, 2004, Johnson caused to be signed

15   a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment Packet

16   mailed to GreenPoint relating to a $63,600 loan.

17          (c)     Between about June 11, 2004 and July 8, 2004, Heineman caused to be

18   signed a document titled Full Reconveyance relating to the $63,600 loan that was recorded with the

19   Nevada County Recorder's Office as part of the title to 13738 Hidden Valley Road, Grass Valley,

20   California.

21          (d)     On or about May 12, 2004, the Dorean Group caused to be mailed a

22   Presentment Packet to Millennium Funding Group ("Millennium") relating to a $350,000 loan

23   secured by the property at 13738 Hidden Valley Road, Grass Valley, California.

24          (e)     Between about May 7, 2004 and May 12, 2004, Johnson caused to be

25   signed a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment

26   Packet mailed to Millennium relating to a $350,000 loan.

27          (f)     Between about June 11, 2004 and July 8, 2004, Heineman caused to be

28   SUPERSEDING INDICTMENT                    8

1  signed a document titled Full Reconveyance relating to the $350,000 loan that was recorded with the

2  Nevada County Recorder's Office as part of the title to 13738 Hidden Valley Road, Grass Valley,

3  California.

4          2.      4312 East Viking Road, Las Vegas, Nevada

5          (a)     On or about September 10, 2004, the Dorean Group caused to be mailed

6  a Presentment Packet to Wells Fargo Home Mortgage Incorporated ("Wells Fargo") relating to a

7  $143,000 loan secured by the property at 4312 East Viking Road, Las Vegas, Nevada.

8          (b)     On or about September 9, 2004, Johnson caused to be signed a document

9  titled The Dorean Group Subrogation & Security Bond, a part of the Presentment Packet mailed to

10  Wells Fargo relating to a $143,000 loan.

11          (c)     On or about September 24, 2004, Heineman caused to be signed a document

12  titled Full Reconveyance relating to the $143,000 loan that was recorded with the Clark County

13  Recorder's Office as part of the title to 4312 East Viking Road, Las Vegas, Nevada.

14          3.      6890 Judson Avenue, Las Vegas, Nevada

15          (a)     On or about September 8, 2004, the Dorean Group caused to be mailed a

16  Presentment Packet to Wells Fargo relating to a $69,917 loan secured by the property at 6890 Judson

17  Avenue, Las Vegas, Nevada.

18          (b)     Between about September 2, 2004 and September 8, 2004, Johnson caused

19  to be signed a document titled The Dorean Group Subrogation & Security Bond, a part of the

20  Presentment Packet mailed to Wells Fargo relating to a $69,917 loan.

21          (c)     Between about September 20, 2004 and September 29, 2004, Heineman

22  caused to be signed a document titled Full Reconveyance relating to the $69,917 loan that was

23  recorded with the Clark County Recorder's Office as part of the title to 6890 Judson Avenue, Las

24  Vegas, Nevada.

25          4.      11275 Cascada Way, San Diego, California

26          (a)     On or about August 20, 2004, the Dorean Group caused to be mailed a

27  Presentment Packet to Bank of America relating to a $320,000 loan secured by the property at 11275

28  SUPERSEDING INDICTMENT           9

1   Cascada Way, San Diego, California.

2          (b)     Between about August 18, 2004 and August 20, 2004, the Dorean Group

3   caused to be mailed a Presentment Packet to Bank of America relating to a $98,000 loan secured by

4   the property at 11275 Cascada Way, San Diego, California.

5          (c)     Between about August 18, 2004 and August 20, 2004, Johnson caused to be

6   signed a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment

7   Packet mailed to Bank of America relating to a $320,000 loan.

8          (d)     Between about August 18, 2004 and August 20, 2004, Johnson caused to be

9   signed a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment

10  Packet mailed to Bank of America relating to a $98,000 loan.

11         (e)     Between about September 3, 2004 and October 21, 2004, Heineman caused

12  to be signed a document titled Full Reconveyance relating to the $320,000 loan that was recorded

13  with the San Diego County Recorder's Office as part of the title to 11275 Cascada Way, San Diego,

14  California.

15         (f)     Between about October 20, 2004 and November 2, 2004, Heineman caused

16  to be signed a document titled Full Reconveyance relating to the $98,000 loan that was recorded with

17  the San Diego County Recorder's Office as part of the title to 11275 Cascada Way, San Diego,

18  California.

19         5.      4245 Jenny Lake Trail, Keller, Texas

20         (a)     On or about December 28, 2004, the Dorean Group caused to be mailed a

21  Presentment Packet to Chase Manhattan Mortgage Corporation ("Chase Manhattan") relating to a

22  $100,800 loan secured by the property at 4245 Jenny Lake Trail, Keller, Texas.

23         (b)     Between about December 16, 2004 and December 28, 2004, Johnson caused

24  to be signed a document titled The Dorean Group Subrogation & Security Bond, a part of the

25  Presentment Packet mailed to Chase Manhattan relating to a $100,800 loan.

26         (c)     On or about February 18, 2005, Heineman caused to be signed a document

27  titled Full Reconveyance relating to the $100,800 loan that was recorded with the Tarrant County

28  SUPERSEDING INDICTMENT               10

1   Clerk's Office as part of the title to 4245 Jenny Lake Trail, Keller, Texas.

2        B.     Dorean Group Broker's Properties

3               1.     Magoon - 317 Grantsdale Road, Hamilton, Montana

4               (a)    On or about February 9, 2004, the Dorean Group caused to be mailed a

5   Presentment Packet to GreenPoint in relation to a $202,400 loan secured by the property at 317

6   Grantsdale Road, Hamilton, Montana.

7               (b)    Between about February 2, 2004 and February 9, 2004, Johnson caused to be

8   signed a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment

9   Packet mailed to GreenPoint relating to a $202,400 loan.

10              (c)    Between about March 10, 2004 and March 15, 2004, Heineman caused to be

11  signed a document titled Full Reconveyance relating to the $202,400 loan that was recorded with the

12  Ravalli County Clerk and Recorder's Office as part of the title to 317 Grantsdale Road, Hamilton,

13  Montana.

14              (d)    On or about February 9, 2004, the Dorean Group caused to be mailed a

15  Presentment Packet to GreenPoint in relation to a $45,313.73 loan secured by the property at 317

16  Grantsdale Road, Hamilton, Montana.

17              (e)    Between about February 2, 2004 and February 9, 2004, Johnson caused to be

18  signed a document titled The Dorean Group Subrogation & Security Bond, a part of the Presentment

19  Packet relating to a $45,313.73 loan mailed to Farmers' State Bank.

20              (f)    Between about March 9, 2004 and March 15, 2004, Heineman caused to be

21  signed a document titled Full Reconveyance relating to the $45,313.73 loan that was recorded with

22  the Ravalli County Clerk and Recorder's Office as part of the title to 317 Grantsdale Road,

23  Hamilton, Montana.

24              (g)    On or about July 23, 2004, Magoon caused to be signed a Broker Agreement

25  with Heineman and Johnson, whereby Magoon agreed to be a broker of the Dorean Group.

26              2.     Julian - 522 M Avenue, Cayce, South Carolina

27              (a)    On or about March 30, 2004, the Dorean Group caused to be mailed a

28  SUPERSEDING INDICTMENT            11

1    Presentment Packet to The National Bank of South Carolina in relation to a $134,016 loan secured

2    by the property at 522 M Avenue, Cayce, South Carolina.

3        (b)    On or about March 29, 2004, Johnson caused to be signed a document titled

4    The Dorean Group Subrogation & Security Bond, part of the Presentment Packet mailed to The

5    National Bank of South Carolina relating to a $134,016 loan.

6        (c)    Between about May 5, 2004 and May 11, 2004, Heineman caused to be

7    signed a document titled Satisfaction relating to the $134,016 loan that was recorded with the

8    Lexington County Register of Deeds' Office as part of the title to 522 M Avenue, Cayce, South

9    Carolina.

10       (d)    On or about July 23, 2004, Julian caused to be signed a Broker Agreement

11   with Heineman and Johnson, whereby Julian, under the entity known as Julian Professional Services,

12   agreed to be a broker of the Dorean Group.

13       3.    LeCompte - 7007 Mira Blossom Lane, Humble, Texas - Property #1

14       (a)    On or about May 27, 2004, the Dorean Group caused to be mailed a

15   Presentment Packet to New Century Mortgage Corporation  in relation to a $147,000 loan secured

16   by the property at 7007 Mira Blossom Lane, Humble, Texas.

17       (b)    Between about May 25, 2004 and May 27, 2004, Johnson caused to be signed

18   a document titled The Dorean Group Subrogation & Security Bond, part of the Presentment Packet

19   mailed to New Century Mortgage Corporation relating to a $147,000 loan.

20       (c)    Between about June 24, 2004 and June 30, 2004, Heineman caused to be

21   signed a document titled Full Reconveyance relating to the $147,000 loan that was recorded with the

22   Harris County Clerk's Office as part of the title to 7007 Mira Blossom Lane, Humble, Texas.

23       (d)    On or about July 23, 2004, LeCompte caused to be signed a Broker

24   Agreement with defendants Heineman and Johnson, whereby LeCompte agreed to be a broker of the

25   Dorean Group.

26       4.    LeCompte - 2915 Cotswold Manor Drive, Kingwood, Texas Property #2

27       (a)    On or about November 9, 2004, the Dorean Group caused to be mailed a

28   SUPERSEDING INDICTMENT            12

1 Presentment Packet to Fremont Investment and Loan in relation to a $306,800 loan, secured by the

2 property at 2915 Cotswold Manor Drive, Kingwood, Texas.

3         (b)     On or about November 9, 2004, Johnson caused to be signed a document

4 titled The Dorean Group Subrogation & Security Bond, part of the Presentment Packet mailed to

5 Fremont Investment and Loan relating to a $306,800 loan.

6         (c)     Between about April 8, 2005 and June 28, 2005, Heineman caused to be

7 signed a document titled Full Reconveyance/Satisfaction of Mortgage relating to the $306,800 loan

8 that was recorded with the Harris County Clerk's Office as part of the title to 2915 Cotswold Manor

9 Drive, Kingwood, Texas.

10         (d)     On or about November 9, 2004, the Dorean Group caused to be mailed a

11 Presentment Packet to Fremont Investment and Loan in relation to a $76,700 loan, secured by the

12 property at 2915 Cotswold Manor Drive, Kingwood, Texas.

13         (e)     On or about November 9, 2004, Johnson caused to be signed a document

14 titled The Dorean Group Subrogation & Security Bond, part of the Presentment Packet mailed to

15 Fremont Investment and Loan relating to a $76,700 loan.

16         (f)     Between about April 8, 2005 and June 28, 2005, Heineman caused to be

17 signed a document titled Full Reconveyance/Satisfaction of Mortgage relating to the $76,700 loan

18 that was recorded with the Harris County Clerk's Office as part of the title to 2915 Cotswold Manor

19 Drive, Kingwood, Texas.

20      5.     Tobias - 1745 Markham Woods Road, Longwood, Florida

21         (a)     On or about April 2, 2004, Tobias signed a Dorean Group service

22 agreement, whereby he agreed to subject a $209,950 loan to the Dorean Group's debt elimination

23 program.

24         (b)     On or about June 8, 2004, the Dorean Group caused to be mailed a

25 Presentment Packet to Option One Mortgage Corporation in relation to a $209,950 loan secured

26 by the property at 1745 Markham Woods Road, Longwood, Florida.

27         (c)     On or about June 8, 2004, Johnson caused to be signed a document titled

28 SUPERSEDING INDICTMENT       13

1   The Dorean Group Subrogation & Security Bond, part of the Presentment Packet mailed to

2   Option One Mortgage Corporation relating to a $209,950 loan.

3          (d)    Between about July 1, 2004 and July 14, 2004, Heineman caused to be

4   signed a document titled Discharge of Mortgage relating to the $209,950 loan that  was recorded

5   with the Seminole County Clerk of Circuit Court's Office as part of the title to 1745 Markham

6   Woods Road, Longwood, Florida.

7       All in violation of Title 18, United States Code, Section 1349.

8   <u>COUNTS TWO THROUGH FIVE</u>: (18 U.S.C. § 1341 – Mail Fraud)

9       18.    The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth

10  herein.

11      19.    Beginning at a time unknown to the Grand Jury, but not later than March 30,

12  2004, and continuing until on or about July 6, 2005, in the Northern District of California and

13  elsewhere, defendants,

                   DALE SCOTT HEINEMAN,
14                      KURT F. JOHNSON,

15                 THE DOREAN GROUP, and
                    WILLIAM JULIAN,
16

17  knowingly devised and intended to devise a scheme and artifice to defraud financial institutions

18  and lenders that issued loans secured by real property as to a material matter and to obtain money

19  by means of false and fraudulent pretenses, representations, and promises, knowing at the time

20  that the pretenses, representations, and promises were false and fraudulent when made, and, in

21  doing so, knowingly caused the United States mails and private and commercial interstate

22  carriers to be used for the purpose of executing this scheme.

23      20.    It was part of the scheme to defraud that:

24      (a)    Julian, acting as broker of the Dorean Group under the entity known as Julian

25  Professional Services, recruited borrowers of the loans identified in the following table to subject

26  each of the loans to the Dorean Group's debt elimination program.

27      (b)    Heineman, Johnson, and the Dorean Group caused a quitclaim deed to be

28  recorded at the county recorder's office, county clerk's office and, register of deeds' office in the

SUPERSEDING INDICTMENT          14

1   county where the property of the Dorean Group client recruited by Julian (or his agents) was

2   located. In this quitclaim deed, the Dorean Group client purportedly transfered her interest in the

3   property to a trust, of which Heineman and Johnson were trustees and the borrower was the

4   beneficiary.

5       (c)      Heineman, Johnson, and the Dorean Group caused a Presentment Packet to be

6   sent by Mail Delivery to the corresponding lender of the loan issued to the Dorean Group client

7   and identified in the following table.

8       (d)      After a Presentment Packet had been sent by Mail Delivery to the lender,

9   Heineman, Johnson, and the Dorean Group caused a Substitution of Trustee (and, if applicable, a

10  Specific Power of Attorney) to be recorded at the county recorder's office, the county clerk's

11  office, and the register of deeds' office as part of the title of the Dorean Group's client's property.

12  In this document, on which Heineman's signature appears, Heineman – and if Heineman was

13  unable, Johnson – purported to act on behalf of the respective lender to substitute himself as

14  trustee for that lender.

15      (e)      Heineman, Johnson, and the Dorean Group caused a Full Reconveyance (a/k/a

16  Discharge of Mortgage and Satisfaction of Mortgage), on which the signed name of Heineman

17  appears, to be recorded at the county recorder's office as part of the title of the borrower's

18  property. This recordation allegedly reconveyed the lender's secured interests in the property to

19  the trust established through the Dorean Group, of which Heineman and Johnson were trustees

20  and the client was the beneficiary, by falsely providing that the loan secured by the property had

21  been fully paid, when the loan had not been fully paid.

22      21.     Heineman, Johnson, the Dorean Group, and Julian (under the entity known as

23  Julian Professional Services) committed acts in furtherance of this scheme and caused mailings

24  as set forth in the following table:

25

26

27

28  SUPERSEDING INDICTMENT          15

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 2 | 522 M Avenue, Cayce, South Carolina | $134,016 | The National Bank of South Carolina | 03/30/04 | 05/11/04, Lexington County Register of Deeds' Office, Satisfaction |
| 3 | 12935 Ruth Haren Drive, Charlotte, North Carolina | $150,300 | Countrywide Home Loans, Inc. | 05/12/04 | 07/19/04, Mecklenberg County Register of Deeds' Office, Full Reconveyance |
| 4 | 1745 Markham Woods Road, Longwood, Florida | $209,950 | Option One Mortgage Corporation | 06/16/04 | 07/14/04, Seminole County Clerk of Circuit Court's Office, Discharge of Mortgage |
| 5 | 3700 Orchard Lane, Sacramento, California | $270,000 | Fremont Investment & Loan | 08/20/04 | 09/24/04, Sacramento County Recorder's Office, Full Reconveyance |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS SIX THROUGH EIGHT:  (18 U.S.C. § 1344 – Bank Fraud)

22.     The Grand Jury repeats and realleges paragraphs 1 through 14 and 20 as if fully set forth herein.

23.     Beginning at a time unknown to the Grand Jury, but not later than March 30, 2004, and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP, and
WILLIAM JULIAN,

knowingly executed and attempted to execute a scheme and artifice to defraud financial institutions that issued loans secured by real property and to obtain money, funds, credits, assets, securities and other property owned by, and under the custody and control of, the lenders identified in the following table, each of which was a financial institution as defined in 18 U.S.C. § 20, the deposits of each of which were at the time insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, knowing

SUPERSEDING INDICTMENT            16

1  that the pretenses, representations, and promises were false and fraudulent when made.

2      24.    The purpose of the scheme and artifice was to obtain money, funds, credits, assets,

3  securities and other property owned by, and under the custody and control of, financial

4  institutions identified in the following table by filing false and fraudulent recordations at county

5  recorder's offices, county clerk's offices, and register of deeds' offices allegedly on behalf of

6  lenders, thereby reconveying a lender's secured interest in the corresponding property listed in

7  the following table, without authority and permission to do so.

8      25.    Heineman, Johnson, the Dorean Group, and Julian (under the entity known as

9  Julian Professional Services) committed acts in furtherance of this scheme and caused mailings

10  and recordations as set forth in the following table:

| Count | Property Securing Loan | Loan Amount | Financial Institution (FDIC insured) | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 6 | 522 M Avenue, Cayce, South Carolina | $134,016 | The National Bank of South Carolina | 03/30/04 | 05/11/04, Lexington County Register of Deeds' Office, Satisfaction |
| 7 | 12935 Ruth Haren Drive, Charlotte, North Carolina | $150,300 | Countrywide Home Loans, Incorporated | 05/12/04 | 07/19/04, Mecklenberg County Register of Deeds' Office, Full Reconveyance |
| 8 | 3700 Orchard Lane, Sacramento, California | $270,000 | Fremont Investment & Loan | 08/20/04 | 09/24/04, Sacramento County Recorder's Office, Full Reconveyance |

21  Each in violation of Title 18, United States Code, Section 1344.

22  COUNTS NINE THROUGH THIRTEEN: (18 U.S.C. § 1341– Mail Fraud)

23      26.    The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth

24  herein.

25      27.    Beginning at a time unknown to the Grand Jury, but not later than May 27, 2004,

26  and continuing until on or about July 6, 2005, in the Northern District of California and

SUPERSEDING INDICTMENT           17

1 | elsewhere, defendants,

DALE SCOTT HEINEMAN,<br>
KURT F. JOHNSON,<br>
THE DOREAN GROUP, and<br>
FARREL J. LECOMPTE, JR.,

knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and, in doing so, knowingly caused the United States mails and private and commercial interstate carriers to be used for the purpose of executing this scheme.

28.    It was part of the scheme to defraud that:

(a)    LeCompte, acting as a broker of the Dorean Group under the entity known as D.T.E. Financial Group L.L.C., recruited borrowers of the loans identified in the following table to subject each of the loans to the Dorean Group's debt elimination program.

(b)    Heineman, Johnson, and the Dorean Group caused a quitclaim deed to be recorded at county recorder's office, county clerk's office, and register of deeds' office in the county where the property of the Dorean Group client recruited by LeCompte (or his agents) was located.  In this quitclaim deed, the Dorean Group client purportedly transfered her interest in the property to a trust, of which Heineman and Johnson were trustees and the borrower was the beneficiary.

(c)    Heineman, Johnson, and the Dorean Group caused a Presentment Packet to be sent by Mail Delivery to the corresponding lender of the loan issued to the Dorean Group client and identified in the following table.

(d)    After a Presentment Packet had been sent by Mail Delivery to the lender, Heineman, Johnson, and the Dorean Group caused a Substitution of Trustee (and, if applicable, a Specific Power of Attorney) to recorded at the county recorder's office, the county clerk's office, and the register of deeds' office as part of the title of the Dorean Group's client's property.  In this document, on which Heineman's signature appears, Heineman – and if Heineman was

SUPERSEDING INDICTMENT                    18

1   unable, Johnson – purported to act on behalf of the respective lender to substitute himself as

2   trustee for that lender.

3          (e)     Heineman, Johnson, and the Dorean Group caused a Full Reconveyance (a/k/a

4   Discharge of Mortgage and Satisfaction of Mortgage), on which the signed name of Heineman

5   appears, to be recorded at the county recorder's office as part of the title of the borrower's

6   property.  This recordation allegedly reconveyed the lender's secured interests in the property to

7   the trust established through the Dorean Group, of which Heineman and Johnson were trustees

8   and the client was the beneficiary, by falsely providing that the loan secured by the property had

9   been fully paid, when the loan had not been fully paid.

10         29.     Heineman, Johnson, the Dorean Group, and LeCompte (under the entity known

11  as D.T.E. Financial Group L.L.C.) committed acts in furtherance of this scheme and caused

12  mailings as set forth in the following table:

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 9 | 7007 Mira Blossom Lane, Humble, Texas | $147,000 | New Century Mortgage Corporation | 05/27/04 | 06/30/04, Harris County Clerk's Office, Full Reconveyance |
| 10 | 23628 Southeast 242nd Court, Maple Valley, Washington | $276,852 | Wells Fargo Home Mortgage, Incorporated | 10/15/04 | 10/25/04, King County Recorder's Office, Full Reconveyance |
| 11 | 2915 Cotswold Manor Drive, Kingwood, Texas | $306,800 | Fremont Investment & Loan | 11/09/04 | 06/28/05, Harris County Clerk's Office, Full Reconveyance/Satisfaction of Mortgage |
| 12 | 2915 Cotswold Manor Drive, Kingwood, Texas | $76,700 | Fremont Investment & Loan | 11/09/04 | 06/28/05, Harris County Clerk's Office, Full Reconveyance/Satisfaction of Mortgage |
| 13 | 4245 Jenny Lake Trail, Keller, Texas | $100,800 | Chase Manhattan Mortgage Corporation | 12/28/04 | 02/18/05, Tarrant County Clerk's Office, Full Reconveyance |

SUPERSEDING INDICTMENT                    19

1    Each in violation of Title 18, United States Code, Section 1341.

2    COUNT FOURTEEN: (18 U.S.C. § 1341 – Mail Fraud)

3        30.      The Grand Jury repeats and realleges paragraphs 1 through 14 and 28 as if fully

4    set forth herein.

5        31.      Beginning at a time unknown to the Grand Jury, but not later than February 9,

6    2005 and continuing until on or about July 6, 2005, in the Northern District of California and

7    elsewhere, defendants,

8

9                          DALE SCOTT HEINEMAN,
                           KURT F. JOHNSON,
                           THE DOREAN GROUP, and
10                          FARREL J. LECOMPTE, JR.,

11   knowingly devised and intended to devise a scheme and artifice to defraud financial institutions

12   and lenders that issued loans secured by real property as to a material matter and to obtain money

13   by means of materially false and fraudulent pretenses, representations, and promises, knowing at

14   the time that the pretenses, representations, and promises were false and fraudulent when made,

15   and, in doing so, knowingly caused the United States mails and private and commercial interstate

16   carriers to be used for the purpose of executing this scheme.

17       32.      It was part of the scheme to defraud that:

18       (a)      Heineman, Johnson, the Dorean Group, and LeCompte (under the entity known as

19   D.T.E. Financial Group, L.L.C.) caused a Full Reconveyance (a/k/a Discharge of Mortgage and a

20   Satisfaction of Mortgage) to be sent by Mail Delivery to the county recorder's office, the county

21   clerk's office, and the county register of deeds' office and recorded as part of the title for the

22   property identified in the following table.  After its recording, with the title falsely appearing

23   unencumbered, Heineman, Johnson, the Dorean Group, and LeCompte (under the entity known

24   as D.T.E. Financial Group, L.L.C.), consistent with the Dorean Group's standard client service

25   agreement, caused a refinance loan to be issued to their client by a lender in the amount set forth

26   in the following table.

27       (b)      This refinance loan was secured by the falsely-claimed free and clear title

28   SUPERSEDING INDICTMENT            20

1   of the Dorean Group client's property based upon the recordations caused to be recorded by

2   Heineman, Johnson, the Dorean Group, and LeCompte (under the entity known as D.T.E.

3   Financial Group, L.L.C.).

4       (c)    A loan disbursement was made by the corresponding lender of this refinance loan.

5       (d)    Heineman, Johnson, the Dorean Group, and LeCompte (under the entity known as

6   D.T.E. Financial Group, L.L.C.) committed acts in furtherance of this scheme and caused the

7   mailing as set forth in the following table:

| Count | Property Securing Loan | Mailing of Recordation (Approximate Date) | Mailing Recipient | Refinance Loan Amount | Refinance Loan Lender | Refinance Loan Date (Approximate) |
|---|---|---|---|---|---|---|
| 14 | 4245 Jenny Lake Trail, Keller, Texas | 02/09/05, Full Reconveyance | Tarrant County Clerk's Office | $100,000 | Federal Home Loan Mortgage Corporation | 03/23/05 |

14   All in violation of Title 18, United States Code, Section 1341.

15   COUNTS FIFTEEN TO EIGHTEEN: (18 U.S.C. § 1344 – Bank Fraud)

16       33.    The Grand Jury repeats and realleges paragraphs 1 through 14 and 28 as if fully

17   set forth herein.

18       34.    Beginning at a time unknown to the Grand Jury, but not later than October 15,

19   2004, and continuing until on or about July 6, 2005, in the Northern District of California and

20   elsewhere, defendants,

21                     DALE SCOTT HEINEMAN,
                    KURT F. JOHNSON,

22                    THE DOREAN GROUP, and
                 FARREL J. LECOMPTE JR.,

23   knowingly executed and attempted to execute a scheme and artifice to defraud financial

24   institutions that issued loans secured by real property and to obtain money, funds, credits, assets,

25   securities and other property owned by, and under the custody and control of, the lenders listed in

26   the following table, each of which was a financial institution as defined 18 U.S.C. § 20, the

27   deposits of each of which were at the time insured by the Federal Deposit Insurance Corporation,

28   SUPERSEDING INDICTMENT        21

1    by means of materially false and fraudulent pretenses, representations, and promises, knowing

2    that the pretenses, representations, and promises were false and fraudulent when made.

3        35.    The purpose of the scheme and artifice was to obtain money, funds, credits, assets,

4    securities and other property owned by, and under the custody and control of, financial

5    institutions identified in the following table, by filing false and fraudulent recordations at county

6    recorder's offices, county clerk's offices, and register of deeds' offices allegedly on behalf of

7    lenders, thereby reconveying a lender's secured interests in the corresponding property listed in

8    the following table, without authority and permission to do so.

9        36.    Heineman, Johnson, the Dorean Group, and LeCompte (under an entity known as

10   D.T.E. Financial Group, L.L.C.) committed acts in furtherance of this scheme and caused

11   mailings and recordations as set forth in the following table:

| Count | Property Securing Loan | Loan Amount | Financial institution (FDIC insured) | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 15 | 23628 Southeast 242nd Court, Maple Valley, Washington | $276,852 | Wells Fargo Home Mortgage, Incorporated | 10/15/04 | 10/25/04, King County Recorder's Office, Full Reconveyance |
| 16 | 2915 Cotswold Manor Drive, Kingwood, Texas | $306,800 | Fremont Investment & Loan | 11/09/04 | 06/28/05, Harris County Clerk's Office, Full Reconveyance / Satisfaction of Mortgage |
| 17 | 2915 Cotswold Manor Drive, Kingwood, Texas | $76,700 | Fremont Investment & Loan | 11/09/04 | 06/28/05, Harris County Clerk's Office, Full Reconveyance / Satisfaction of Mortgage |
| 18 | 4245 Jenny Lake Trail, Keller, Texas | $100,800 | Chase Manhattan Mortgage Corporation | 12/28/04 | 02/18/05, Tarrant County Clerk's Office, Full Reconveyance |

Each in violation of Title 18, United States Code, Section 1344.

SUPERSEDING INDICTMENT                    22

1  COUNTS NINETEEN THROUGH TWENTY-THREE: (18 U.S.C. § 1341– Mail Fraud)

2      37.     The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth

3  herein.

4      38.     Beginning at a time unknown to the Grand Jury, but not later than February 9,

5  2004, and continuing until on or about July 6, 2005, in the Northern District of California and

6  elsewhere, defendants,

7                      DALE SCOTT HEINEMAN,
                       KURT F. JOHNSON,
8                   THE DOREAN GROUP, and
               SARA J. MAGOON (a/k/a Credence),
9

10  knowingly devised and intended to devise a scheme and artifice to defraud financial institutions

11  and lenders that issued loans secured by real property as to a material matter and to obtain money

12  by means of materially false and fraudulent pretenses, representations, and promises, knowing at

13  the time that the pretenses, representations, and promises were false and fraudulent when made

14  and, in doing so, knowingly caused the United States mails and private and commercial interstate

15  carriers to be used for the purpose of executing this scheme.

16      39.     It was part of the scheme to defraud that:

17      (a)     Magoon, acting as broker of the Dorean Group under the name Credence,

18  recruited borrowers of the loans identified in the following table to subject each of the loans to

19  the Dorean Group's debt elimination program.

20      (b)     Heineman, Johnson, and the Dorean Group caused a quitclaim deed to be

21  recorded at the county recorder's office, county clerk's office, and register of deeds' office in the

22  county where the property of the Dorean Group client recruited by Magoon (or her agents) was

23  located. In this quitclaim deed, the Dorean Group client purportedly transfered her interest in the

24  property to a trust, of which Heineman and Johnson were trustees and the borrower was the

25  beneficiary.

26

27

28  SUPERSEDING INDICTMENT            23

1        (c)     Heineman, Johnson, and the Dorean Group caused a Presentment Packet to be

2   sent by Mail Delivery to the corresponding lender of the loan issued to the Dorean Group client

3   and identified in the following table.

4        (d)     After a Presentment Packet had been sent by Mail Delivery to the lender,

5   Heineman, Johnson, and the Dorean Group caused a Substitution of Trustee (and, if applicable, a

6   Specific Power of Attorney) to be recorded at the county recorder's office, the county clerk's

7   office and the register of deeds' office as part of the title of the Dorean Group's client's property.

8   In this document, on which Heineman's signature appears, Heineman – and if Heineman was

9   unable, Johnson – purported to act on behalf of the respective lender to substitute himself as

10  trustee for that lender.

11       (e)     Heineman, Johnson, and the Dorean Group caused a Full Reconveyance (a/k/a

12  Discharge of Mortgage and Satisfaction of Mortgage), on which the signed name of Heineman

13  appears, to be recorded at the county recorder's office as part of the title of the borrower's

14  property.  This recordation allegedly reconveyed the lender's secured interests in the property to

15  the trust established through the Dorean Group, of which Heineman and Johnson were trustees

16  and the client was the beneficiary, by falsely providing that the loan secured by the property had

17  been fully paid, when the loan had not been fully paid.

18       40.    Heineman, Johnson, the Dorean Group, and Magoon (under the name Credence)

19  committed acts in furtherance of this scheme and caused mailings as set forth in the following

20  table:

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 19 | 317 Grantsdale Road, Hamilton, Montana | $202,400 | GreenPoint Mortgage Funding, Inc. | 02/09/04 | 03/15/04, Ravalli County Recorder's Office, Full Reconveyance |
| 20 | 317 Grantsdale Road, Hamilton, Montana | $45,313.73 | Farmers State Bank | 02/09/04 | 03/15/04, Ravalli County Clerk and Recorder's Office, Full Reconveyance |
| 21 | 1211 North 19th Street, Colorado Springs, Colorado | $320,000 | Fremont Investment & Loan | 08/24/04 | 10/08/04, El Paso County Recorder's Office, Full Reconveyance |
| 22 | 4312 East Viking Road, Las Vegas, Nevada | $143,000 | Wells Fargo Home Mortgage, Incorporated | 09/10/04 | 10/22/04, Clark County Recorder's Office, Full Reconveyance |
| 23 | 6890 Judson Avenue, Las Vegas, Nevada | $69,917 | Wells Fargo Home Mortgage, Incorporated | 09/14/04 | 09/29/04, Clark County Recorder's Office, Full Reconveyance |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS TWENTY-FOUR AND TWENTY-FIVE: (18 U.S.C. § 1341 – Mail Fraud)

    41.  The Grand Jury realleges paragraphs 1 through 14 and 39 as if fully set forth herein.

    42.  Beginning at a time unknown to the Grand Jury, but not later than September 21, 2004, and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP, and
SARA J. MAGOON (a/k/a Credence),

knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money

SUPERSEDING INDICTMENT    25

1  by means of materially false and fraudulent pretenses, representations, and promises, knowing at

2  the time that the pretenses, representations, and promises were false and fraudulent when made,

3  and, in doing so, knowingly caused the United States mails and private and commercial interstate

4  carriers to be used for the purpose of executing this scheme.

5      43.    It was part of the scheme to defraud that:

6      (a)    Heineman, Johnson, the Dorean Group, and Magoon (under the name Credence)

7  caused Full Reconveyances (a/k/a Discharges of Mortgage and Satisfactions of Mortgage) to be

8  sent by Mail Delivery to county recorder's offices, county clerk's offices, and county register of

9  deeds' offices and recorded as part of the titles for the properties identified in the following table.

10  After the recordings, with titles falsely appearing unencumbered, Heineman, Johnson, the Dorean

11  Group, and Magoon (under the name Credence), consistent with the Dorean Group's standard

12  client service agreement, caused refinance loans to be issued to their clients by corresponding

13  lenders in the amounts set forth in the following table.

14      (b)    Each of the refinance loans was secured by the falsely-claimed free and clear title

15  of the Dorean Group client's property based upon the recordations caused to be recorded by

16  Heineman, Johnson, the Dorean Group, and Magoon (under the name Credence).

17      (c)    Loan disbursements were made by the corresponding lenders of these refinance

18  loans.

19      (d)    Heineman, Johnson, the Dorean Group, and Magoon (under the name Credence)

20  committed acts in furtherance of this scheme and caused the mailings as set forth in the following

21  table:

22

23

24

25

26

27

28  SUPERSEDING INDICTMENT                26

| Count | Property Securing Loan | Mailing of Recordation (Approximate Date) | Mailing Recipient | Refinance Loan Amount | Refinance Loan Lender | Refinance Loan Date (Approximate) |
|---|---|---|---|---|---|---|
| 24 | 4312 East Viking Road, Las Vegas, Nevada | 09/21/04, Full Reconveyance | Clark County Recorder's Office | $165,000 | American Fidelity Mortgage Bankers, Incorporated | 01/14/05 |
| 25 | 6890 Judson Avenue, Las Vegas, Nevada | 09/24/04, Full Reconveyance | Clark County Recorder's Office | $168,000 | American Fidelity Mortgage Bankers, Incorporated | 12/23/04 |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS TWENTY-SIX THROUGH THIRTY: (18 U.S.C. § 1344 – Bank Fraud)

44.     The Grand Jury repeats and realleges paragraphs 1 through 14 and 39 as if fully set forth herein.

45.     Beginning at a time unknown to the Grand Jury, but not later than February 9, 2004, and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP, and
SARA J. MAGOON (a/k/a Credence),

knowingly executed and attempted to execute a scheme and artifice to defraud financial institutions that issued loans secured by real property and to obtain money, funds, credits, assets, securities and other property owned by, and under the custody and control of, the lenders listed in the following table, each of which was a financial institution as defined 18 U.S.C. § 20, the deposits of each of which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

46.     The purpose of the scheme and artifice was to obtain money, funds, credits, assets,

SUPERSEDING INDICTMENT                    27

1  securities and other property owned by, or under the custody and control of, financial institutions

2  identified in the following table, by filing false and fraudulent recordations at county recorder's

3  offices, county clerk's offices and register of deeds' offices allegedly on behalf of lenders,

4  thereby reconveying a lender's secured interests in the corresponding property listed in the

5  following table, without authority and permission to do so.

6     47.    Heineman, Johnson, the Dorean Group, and Magoon (under the name Credence)

7  committed acts in furtherance of this scheme and caused mailings and recordations as set forth in

8  the following table:

| Count | Property Securing Loan | Loan Amount | Financial institution (FDIC insured) | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 26 | 317 Grantsdale Road, Hamilton, Montana | $202,400 | GreenPoint Mortgage Funding, Incorporated | 02/09/04 | 3/15/04, Ravalli County Clerk and Recorder's Office, Full Reconveyance |
| 27 | 317 Grantsdale Road, Hamilton, Montana | $45,313.73 | Farmers State Bank | 02/09/04 | 03/15/04, Ravalli County Clerk and Recorder's Office, Full Reconveyance |
| 28 | 1211 North 19th Street, Colorado Springs, Colorado | $320,000 | Fremont Investment & Loan | 08/24/04 | 10/08/04, El Paso County Recorder's Office, Full Reconveyance |
| 29 | 4312 East Viking Road, Las Vegas, Nevada | $143,000 | Wells Fargo Home Mortgage, Incorporated | 09/10/04 | 10/22/04, Clark County Recorder's Office, Full Reconveyance |
| 30 | 6890 Judson Avenue, Las Vegas, Nevada | $69,917 | Wells Fargo Home Mortgage, Incorporated | 09/14/04 | 09/28/04, Clark County Recorder's Office, Full Reconveyance |

24  Each in violation of Title 18, United States Code, Section 1344.

25  COUNTS THIRTY-ONE THROUGH THIRTY-FOUR: (18 U.S.C. § 1341– Mail Fraud)

26     48.    The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully

27  set forth herein.

28  SUPERSEDING INDICTMENT              28

49.     Beginning at a time unknown to the Grand Jury, but not later than June 16, 2004, and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP, and
CHARLES DEWEY TOBIAS,

knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and, in doing so, knowingly caused the United States mails and private and commercial interstate carriers to be used for the purpose of executing this scheme.

50.     It was part of the scheme to defraud that:

(a)     Tobias, acting as broker of the Dorean Group under the entity known as Aquila Holdings L.L.C., recruited borrowers of the loans identified in the following table to subject each of the listed loans to the Dorean Group's debt elimination program.

(b)     Heineman, Johnson, and the Dorean Group caused a quitclaim deed to be recorded at the county recorder's office, county clerk's office and register of deeds' office in the county where the property of the Dorean Group client recruited by Tobias (or his agents) was located. In this quitclaim deed, the Dorean Group client purportedly transfered her interest in the property to a trust, of which Heineman and Johnson were trustees and the borrower was the beneficiary.

(c)     Heineman, Johnson, and the Dorean Group caused a Presentment Packet to be sent by Mail Delivery to the corresponding lender of the loan issued to the Dorean Group client and identified in the following table.

(d)     After a Presentment Packet had been sent by Mail Delivery to the lender, Heineman, Johnson, and the Dorean Group caused a Substitution of Trustee (and, if applicable, a Specific Power of Attorney) to be recorded at the county recorder's office, the county clerk's office and the register of deeds' office as part of the title of the Dorean Group's client's property.

SUPERSEDING INDICTMENT                29

In this document, on which Heineman's signature appears, Heineman – and if Heineman was unable, Johnson – purported to act on behalf of the respective lender to substitute himself as trustee for that lender.

(e)    Heineman, Johnson, and the Dorean Group caused a Full Reconveyance (a/k/a Discharge of Mortgage and Satisfaction of Mortgage), on which the signed name of Heineman appears, to be recorded at the county recorder's office as part of the title of the borrower's property. This recordation allegedly reconveyed the lender's secured interests in the property to the trust established through the Dorean Group, of which Heineman and Johnson were trustees and the client was the beneficiary, by falsely providing that the loan secured by the property had been fully paid, when the loan had not been fully paid.

51.    Heineman, Johnson, the Dorean Group, and Tobias (under the entity known as Aquila Holdings L.L.C.) committed acts in furtherance of this scheme and caused mailings as set forth in the following table:

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|-------|------------------------|-------------|---------------------------------------|---------------------------------------------|-----------------------------------------------------------------|
| 31 | 1745 Markham Woods Road, Longwood, Florida | $209,950 | Option One Mortgage Corporation | 06/16/04 | 07/14/04, Seminole County Clerk of Circuit Court's Office, Discharge of Mortgage |
| 32 | 3079 Brightwater Court, Kissimmee, Florida | $213,766 | Wells Fargo Home Mortgage, Incorporated | 08/20/04 | 09/23/04, Osceola County Clerk of the Circuit Court's Office, Discharge of Mortgage |
| 33 | 1817 North Eaglet Court, Nampa, Idaho | $100,000 | Washington Mutual Home Loans Corporation | 08/20/04 | 11/16/04, Canyon County Recorder's Office, Full Reconveyance |
| 34 | 5848 Pine Grove Run, Oviedo, Florida | $140,000 | Ameriquest Mortgage Company | 09/10/04 | 10/13/04, Seminole County Clerk of the Circuit Court's Office, Discharge of Mortgage |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS THIRTY-FIVE THROUGH THIRTY-SEVEN: (18 U.S.C. § 1344 – Bank Fraud)

52.    The Grand Jury repeats and realleges paragraphs 1 through 14 and 50 as if

SUPERSEDING INDICTMENT                    30

fully set forth herein.

53.     Beginning at a time unknown to the Grand Jury, but not later than August 20, 2004 and continuing until on or about July 6, 2005, in the Northern District of California, and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP, and
CHARLES DEWEY TOBIAS,

knowingly executed and attempted to execute a scheme and artifice to defraud financial institutions that issued loans secured by real property and to obtain money, funds, credits, assets, securities and other property owned by, and under the custody and control of, the lenders listed in the following table, each of which was a financial institution as defined 18 U.S.C. § 20, the deposits of each of which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

54.     The purpose of the scheme and artifice was to obtain money, funds, credits, assets, securities and other property owned by, or under the custody and control of, financial institutions, identified in the following table, by filing false and fraudulent recordations at county recorder's offices, county clerk's offices and register of deeds' offices allegedly on behalf of lenders, thereby reconveying a lender's secured interests in the corresponding property listed in the following table, without authority and permission to do so.

55.     Heineman, Johnson, the Dorean Group, and Tobias (under the entity known as Aquila Holdings, L.L.C.) committed acts in furtherance of this scheme and caused mailings and recordations as set forth in the following table:

SUPERSEDING INDICTMENT                    31

| Count | Property Securing Loan | Loan Amount | Financial institution (FDIC insured) | Mailing of Presentment Packet (Approximate) | Date, Place and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 35 | 3079 Brightwater Court, Kissimmee, Florida | $213,766 | Wells Fargo Home Mortgage, Incorporated | 08/20/04 | 09/23/04, Osceola County Clerk of the Circuit Court's Office, Discharge of Mortgage |
| 36 | 1817 North Eaglet Court, Nampa, Idaho | $100,000 | Washington Mutual Home Loans Corporation | 08/20/04 | 11/16/04, Canyon County Recorder's Office, Full Reconveyance |
| 37 | 5848 Pine Grove Run, Oviedo, Florida | $140,000 | Ameriquest Mortgage Company | 09/10/04 | 10/13/04, Seminole County Clerk of the Circuit Court's Office, Discharge of Mortgage |

Each in violation of Title 18, United States Code, Section 1344.

COUNTS THIRTY-EIGHT THROUGH FIFTY: (18 U.S.C. § 1341– Mail Fraud)

56. The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

57. Beginning at a time unknown to the Grand Jury, but not later than November 11, 2002, and continuing until on or about July 6, 2005, in the Northern District of California, and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON, and
THE DOREAN GROUP,

knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and, in doing so, knowingly caused the United States mails and private and commercial interstate carriers to be used for the purpose of executing this scheme.

58. It was part of the scheme to defraud that:

(a) Heineman, Johnson, and the Dorean Group caused a quitclaim deed to be recorded at the county recorder's office, county clerk's office and register of deeds' office in the

SUPERSEDING INDICTMENT                    32

county where the property of the Dorean Group client is located. In this quitclaim deed, the Dorean Group client purportedly transfered her interest in the property to a trust, of which Heineman and Johnson were trustees and the borrower was the beneficiary.

(b)     Heineman, Johnson, and the Dorean Group caused a Presentment Packet to be sent by Mail Delivery to the corresponding lender of the loan issued to the Dorean Group client and identified in the following table.

(c)     After a Presentment Packet had been sent by Mail Delivery to the lender, Heineman, Johnson, and the Dorean Group caused a Substitution of Trustee (and, if applicable, a Specific Power of Attorney) to be recorded at the county recorder's office, the county clerk's office and the register of deeds' office as part of the title of the Dorean Group's client's property. In this document, on which Heineman's signature appears, Heineman – and if Heineman was unable, Johnson – purported to act on behalf of the respective lender to substitute himself as trustee for that lender.

(d)     Heineman, Johnson, and the Dorean Group caused a Full Reconveyance (a/k/a Discharge of Mortgage and Satisfaction of Mortgage), on which the signed name of Heineman appears, to be recorded at the county recorder's office as part of the title of the borrower's property. This recordation allegedly reconveyed the lender's secured interests in the property to the trust established through the Dorean Group, of which Heineman and Johnson were trustees and the client was the beneficiary, by falsely providing that the loan secured by the property had been fully paid, when the loan had not been fully paid.

59.     Heineman, Johnson, and the Dorean Group committed acts in furtherance of this scheme and caused mailings as set forth in the following table:

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 38 | 2447 Corum Court, Union City, California | $332,500 | World Savings Bank | 11/12/02 | 04/28/03, Alameda County Recorder's Office, Full Reconveyance |

SUPERSEDING INDICTMENT              33

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place and Type of /Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 39 | 2447 Corum Court, Union City, California | $95,000 | World Savings Bank | 04/10/03 | 04/28/03, Alameda County Recorder's Office, Full Reconveyance |
| 40 | 111 Mountainside Way, Greenville, South Carolina | $84,350 | Fleet Mortgage Corporation | 02/13/04 | 04/07/04, Greenville County Register of Deeds' Office, Satisfaction |
| 41 | 12614 Tiara Street, Valley Village, California | $200,000 | World Savings and Loan | 04/28/04 | 07/16/04, Los Angeles County Recorder's Office, Full Reconveyance |
| 42 | 13738 Hidden Valley Road, Grass Valley, California | $350,000 | Millennium Funding Group | 05/12/04 | 07/08/04, Nevada County Recorder's Office, Full Reconveyance |
| 43 | 13738 Hidden Valley Road, Grass Valley, California | $63,600 | GreenPoint Mortgage Funding, Inc. | 05/12/04 | 07/08/04, Nevada County Recorder's Office, Full Reconveyance |
| 44 | 3030 North Beachwood Drive, Los Angeles, California | $500,000 | America's Servicing Company | 06/25/04 | 09/29/04, Los Angeles County Recorder's Office, Full Reconveyance |
| 45 | 3030 North Beachwood Drive, Los Angeles, California | $200,000 | Wilshire Credit Corporation | 06/25/04 | 09/29/04, Los Angeles County Recorder's Office, Full Reconveyance |
| 46 | 11275 Cascada Way, San Diego, California | $320,000 | Bank of America | 08/20/04 | 10/21/04, San Diego County Recorder's Office, Full Reconveyance |
| 47 | 11275 Cascada Way, San Diego, California | $98,000 | Bank of America | 08/20/04 | 11/02/04, San Diego County Recorder's Office, Full Reconveyance |
| 48 | 9976 North Recreation Avenue, Fresno, California | $199,500 | Countrywide Home Loans, Incorporated | 09/28/04 | 11/08/04, Fresno County Recorder's Office, Full Reconveyance |

SUPERSEDING INDICTMENT                    34

| Count | Property Securing Loan | Loan Amount | Lender / Successor-in-Interest Lender | Mailing of Presentment Packet (Approximate) | Date, Place and Type of Recordation on Title (Date Approximate) |
|-------|------------------------|-------------|---------------------------------------|---------------------------------------------|----------------------------------------------------------------|
| 49 | 1137 South 200 West, Orem, Utah | $162,701 | Countrywide Home Loans, Incorporated | 08/02/04 | 09/30/04, Utah County Recorders Office, Full Reconveyance |
| 50 | 1137 South 200 West, Orem, Utah | $6,600 | Countrywide Home Loans, Incorporated | 08/02/04 | 09/30/04, Utah County Recorder's Office, Full Reconveyance |

Each in violation of Title 18, United States Code, Section 1341.

COUNTS FIFTY-ONE AND FIFTY-TWO: (18 U.S.C. § 1341 – Mail Fraud)

60.     The Grand Jury realleges paragraphs 1 through 14 and 58 as if fully set forth herein.

61.     Beginning at a time unknown to the Grand Jury, but not later than June 11, 2004, and continuing until on or about July 6, 2005, in the Northern District of California and elsewhere, defendants,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON, and
THE DOREAN GROUP,

knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and lenders that issued loans secured by real property as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and, in doing so, knowingly caused the United States mails and private and commercial interstate carriers to be used for the purpose of executing this scheme.

62.     It was part of the scheme to defraud that:

(a)     Heineman, Johnson, and the Dorean Group caused Full Reconveyances (a/k/a Discharges of Mortgage and a Satisfactions of Mortgage) to be sent by Mail Delivery to county recorder's offices, county clerk's offices, and county register of deeds' offices and recorded as part of the titles for the properties identified in the following table.  After the recordings, with

SUPERSEDING INDICTMENT                    35

1  titles falsely appearing unencumbered, Heineman, Johnson and the Dorean Group, consistent

2  with the Dorean Group's standard client service agreement, caused refinance loans to be issued

3  to their clients by corresponding lenders in the amounts set forth in the following table.

4      (b)    Each of the refinance loans was secured by the falsely-claimed free and

5  clear title of the Dorean Group client's property based upon the recordations caused to be

6  recorded by Heineman, Johnson, and the Dorean Group.

7      (c)    Loan disbursements were made by the corresponding lenders of these refinance

8  loans.

9      (d)    Heineman, Johnson, and the Dorean Group committed acts in futherance of this

10 scheme and caused the mailings as set forth in the following table:

| Count | Property Securing Loan | Mailing of Recordation (Approximate Date) | Mailing Recipient | Refinance Loan Amount | Refinance Loan Lender | Refinance Loan Date (Approximate) |
|---|---|---|---|---|---|---|
| 51 | 13738 Hidden Valley Road, Grass Valley, California | 06/11/04, Full Reconveyance | Nevada County Recorder's Office | $200,000 | Olympic Mortgage & Investment Company, Incorporated | 08/25/04 |
| 52 | 11275 Cascada Way, San Diego, California | 10/18/04, Full Reconveyance | San Diego County Recorder's Office | $459,000 | Acoustic Home Loans | 11/24/04 |

20 Each in violation of Title 18, United States Code, Section 1341.

21 <u>COUNTS FIFTY-THREE THROUGH SIXTY-THREE</u>: (18 U.S.C. § 1344– Bank Fraud)

22     63.    The Grand Jury repeats and realleges paragraphs 1 through 14 and 58 as if

23 fully set forth herein.

24     64.    Beginning at a time unknown to the Grand Jury, but not later than November 11,

25 2002 and continuing until on or about July 6, 2005, in the Northern District of California and

28 SUPERSEDING INDICTMENT                36

1  elsewhere, defendants,

2                    DALE SCOTT HEINEMAN,
                     KURT F. JOHNSON, and
3                    THE DOREAN GROUP,

4  knowingly executed and attempted to execute a scheme and artifice to defraud financial

5  institutions that issued loans secured by real property and to obtain money, funds, credits, assets,

6  securities and other property owned by, and under the custody and control of, the lenders listed in

7  the following table, each of which was a financial institution as defined 18 U.S.C. § 20, the

8  deposits of each of which were at the time insured by the Federal Deposit Insurance Corporation,

9  by means of materially false and fraudulent pretenses, representations, and promises, knowing

10  that the pretenses, representations, and promises were false and fraudulent when made.

11        65.    The purpose of the scheme and artifice was to obtain any the money, funds,

12  credits, assets, securities and other property owned by, or under the custody and control of,

13  financial institutions, identified in the following table, by filing false and fraudulent recordations

14  at county recorder's offices, county clerk's offices and register of deeds' offices allegedly on

15  behalf of lenders, thereby reconveying a lender's secured interests in the corresponding property

16  listed in the following table, without authority and permission to do so.

17        66.    Heineman, Johnson, and the Dorean Group committed acts in furtherance of this

18  scheme and caused mailings and recordations as set forth in the following table:

19

20

21

22

23

24

25

26

27

28  SUPERSEDING INDICTMENT                 37

| Count | Property Securing Loan | Loan Amount | Financial institution (FDIC insured) | Mailing of Presentment Packet (Approximate) | Date, Place, and Type of Recordation on Title (Date Approximate) |
|---|---|---|---|---|---|
| 53 | 2447 Corum Court, Union City, California | $332,500 | World Savings Bank | 11/12/02 | 04/28/03, Alameda County Recorder's Office, Full Reconveyance |
| 54 | 2447 Corum Court, Union City, California | $95,000 | World Savings Bank | 04/10/03 | 04/28/03, Alameda County Recorder's Office, Full Reconveyance |
| 55 | 111 Mountainside Way, Greenville, South Carolina | $84,350 | Fleet Mortgage Corporation | 02/13/04 | 04/07/04, Greenville County Register of Deeds' Office, Satisfaction |
| 56 | 12614 Tiara Street, Valley Village, California | $200,000 | World Savings and Loan | 04/23/04 | 07/16/04, Los Angeles County Recorder's Office, Full Reconveyance |
| 57 | 13738 Hidden Valley Road, Grass Valley, California | $63,600 | GreenPoint Mortgage Funding, Inc. | 05/12/04 | 07/08/04, Nevada County Recorder's Office, Full Reconveyance |
| 58 | 3030 North Beachwood Drive, Los Angeles, California | $500,000 | America's Servicing Company | 06/25/04 | 09/29/04, Los Angeles County Recorder's Office, Full Reconveyance |
| 59 | 11275 Cascada Way, San Diego, California | $320,000 | Bank of America | 08/20/04 | 10/21/04, San Diego County Recorder's Office, Full Reconveyance |
| 60 | 11275 Cascada Way, San Diego, California | $98,000 | Bank of America | 08/20/04 | 11/02/04, San Diego County Recorder's Office, Full Reconveyance |
| 61 | 9976 Recreation Avenue, Fresno, California | $199,550 | Countrywide Home Loans, Incorporated | 09/28/04 | 11/08/04, Fresno County Recorder's Office, Full Reconveyance |
| 62 | 1137 South 200 West, Orem, Utah | $162,701 | Countrywide Home Loans, Incorporated | 08/02/04 | 09/30/04, Utah County Recorders Office, Full Reconveyance |
| 63 | 1137 South 200 West, Orem, Utah | $6,600 | Countrywide Home Loans, Incorporated | 08/02/04 | 09/30/04, Utah County Recorders Office, Full Reconveyance |

SUPERSEDING INDICTMENT                    38

1   Each in violation of Title 18, United States Code, Section 1344.

2   COUNT SIXTY-FOUR: (18 U.S.C. § 401(3) – Contempt of Court)

3       67.     The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth

4   herein.

5       68.     On or about July 20, 2005, in the Northern District of California and elsewhere,

6   defendants,

7                           DALE SCOTT HEINEMAN
                                    and
8                           THE DOREAN GROUP,

9   knowingly and willfully disobeyed the lawful writ, process, order, rule, decree, and command of

10  a district court of the United States, namely the Temporary Restraining Order of July 6, 2005

11  issued by the Hon. William H. Alsup, United States District Court Judge, Northern District of

12  California, by signing a document titled Appointment of Successor Trustee to purportedly confer

13  successor-trustee interests to Marcia Doerr, under the Dorean Group's clients' trusts after

14  Heineman had been served with a copy of the Temporary Restraining Order.

15  COUNT SIXTY-FIVE: (18 U.S.C. § 401(3) – Contempt of Court)

16      69.     The Grand Jury repeats and realleges paragraphs 1 through 14 as if fully set forth

17  herein.

18      70.     On or about September 29, 2005, in the Northern District of California and

19  elsewhere, defendants,

20                          KURT F.  JOHNSON
                                    and
21                          THE DOREAN GROUP,

22  knowingly and willfully disobeyed the lawful writ, process, order, rule, decree, and command of

23  a district court of the United States, namely the Preliminary Injunction Order of August 1, 2005

24  issued by the Hon. William H. Alsup, United States District Court Judge, Northern District of

25  California Johnson, by signing a document titled Appointment of Succesor Trustee to

26  purportedly confer successor-trustee interests to Marcia Doerr under the Dorean Group's clients'

27  trusts after Johnson had been served with a copy of the Preliminary Injunction Order.

28  SUPERSEDING INDICTMENT              39

COUNT SIXTY-SIX: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Forfeiture)

71.     The allegations of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

72.     Upon a conviction of the offense alleged in Count One above,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON,
THE DOREAN GROUP,
WILLIAM JULIAN,
FARREL J. LECOMPTE JR.,
SARA MAGOON (a/k/a Credence), and
CHARLES DEWEY TOBIAS,

defendants, shall forfeit to the United States all property (real and personal) which constitutes proceeds and is derived from proceeds traceable to said offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

73.     If, as a result of any act or omission of the defendants, any of said property

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which, without difficulty, cannot be subdivided;

any and all interest defendant(s) has/have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (p), as incorporated by Title 28, United States Code, Section 2461(c).

COUNT SIXTY-SEVEN: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Forfeiture)

74.     The allegations of Counts Two through Five, Nine through Fourteen, Nineteen through Twenty-Five, Thirty-One through Thirty-Four and Thirty-Eight through Fifty-Two of this Indictment are realleged and incorporated as if fully set forth herein.

75.     Upon a conviction of the offense alleged in Counts Counts Two through Five,

SUPERSEDING INDICTMENT                    40

1  Nine through Fourteen, Nineteen through Twenty-Five, Thirty-One through Thirty-Four, and

2  Thirty-Eight through Fifty-Two above,

DALE SCOTT HEINEMAN,
3  KURT F. JOHNSON
THE DOREAN GROUP,
4  WILLIAM JULIAN,
FARREL J. LECOMPTE JR.,
5  SARA MAGOON (a/k/a Credence), and
CHARLES DEWEY TOBIAS,
6

7  defendants, shall forfeit to the United States all property (real and personal) which constitutes

8  proceeds and is derived from proceeds traceable to said offense, pursuant to 18 U.S.C. §

9  981(a)(1)(C) and 28 U.S.C. § 2461(c).

10         76.      If, as a result of any act or omission of the defendants, any of said property

11                a.      cannot be located upon the exercise of due diligence;

12                b.      has been transferred or sold to or deposited with, a third person;

13                c.      has been placed beyond the jurisdiction of the Court;

14                d.      has been substantially diminished in value; or

15                e.      has been commingled with other property which, without difficulty, cannot

16                        be subdivided;

17  any and all interest defendant(s) has/have in any other property (not to exceed the value of the

18  above forfeitable property) shall be forfeited to the United States, pursuant to Title 21 United

19  States Code, Sections 853(a)(1) and (p), as incorporated by Title 28, United States Code, Section

20  2461(c).

21  COUNT SIXTY-EIGHT: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Forfeiture)

22         77.      The allegations of Counts Six through Eight, Fifteen through Eighteen, Twenty-

23  Six through Thirty, Thirty-Five through Thirty-Seven, and Fifty-Three through Sixty-Three of

24  this Indictment are realleged and incorporated as if fully set forth herein.

25         78.      Upon a conviction of the offense alleged in Counts Six through Eight, Fifteen

26  through Nineteen, Twenty-Seven through Thirty-One, Thirty-Six through Thirty-Eight, and

27

28  SUPERSEDING INDICTMENT              41

Fifty-Four through Sixty-Four above,

DALE SCOTT HEINEMAN,
KURT F. JOHNSON
THE DOREAN GROUP,
WILLIAM JULIAN,
FARREL J. LECOMPTE JR.,
SARA MAGOON (a/k/a Credence), and
CHARLES DEWEY TOBIAS,

defendants, shall forfeit to the United States all property (real and personal) which constitutes

proceeds and is derived from proceeds traceable to said offense, pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c).

79.     If, as a result of any act or omission of the defendants, any of said property

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which, without difficulty, cannot

be subdivided;

any and all interest defendant(s) has/have in any other property (not to exceed the value of the

above forfeitable property) shall be forfeited to the United States, pursuant to Title 21,

United States Code, Sections 853(a)(1) and (p), as incorporated by Title 28, United States Code,

Section 2461(c).

DATED: February 16, 2006                    A TRUE BILL.

_____
FOREPERSON

KEVIN V. RYAN
United States Attorney

W. DOUGLAS SPRAGUE
Chief, Oakland Branch

(Approved as to form:                     )
                    (AUSA James Keller

SUPERSEDING INDICTMENT                    42