UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00611 WHA |
| Plaintiff, | ORDER FOR PSYCHIATRIC EXAMINATION UNDER 18 U.S.C. § 4241 |
| v. | |
| DALE SCOTT HEINEMAN; KURT F. JOHNSON; THE DOREAN GROUP; WILIAM JULIAN; FARREL J. LECOMPTE, JR.; SARA J. MAGOON; and CHARLES DEWEY TOBIAS, | |
| Defendants. | |

On March 23, 2006, the Court issued an order requiring defendants Dale Scott Heineman and Kurt F. Johnson to undergo psychiatric examinations to determine their competency to stand trial pursuant to 18 U.S.C. § 4241(a) and (b). See Order Requiring Mental Examinations, CR 41. Thereafter, the government provided the Court and the parties with a list of qualified examiners to perform the evaluations. On April 4, 2006, at a hearing with the parties, the Court reviewed the list of examiners and selected James R. Misset, M.D., to perform the evaluations of defendants Heineman and Johnson.

Based on the Court's prior orders and the record herein, the Court finds that there is reasonable cause to believe that defendants Heineman and Johnson "may presently be suffering

ORDER
CR 05-0611 WHA

from a mental disease or defect rendering [them] mentally incompetent to the extent that [they] are] unable to understand the nature and consequences of the proceedings against [them] or to assist properly in [their] defense." 18 U.S.C. § 4241(a). Accordingly, the Court orders defendants Heineman and Johnson to submit to a psychiatric examination to be conducted pursuant to 18 U.S.C. § 4241(b).

The examination of each defendant is to be conducted locally at the direction, and under the supervision, of United States Pretrial Services, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). The psychiatric report for each defendant is to be filed with the Court, and copies are to be provided to defense counsel and counsel for the government. 18 U.S.C. § 4247(c). Within 30 days from the date of this Order, the examiner shall complete his examinations and reports and provide those reports to Pretrial Services.

The psychiatric report for each defendant shall include the following information, which is required by 18 U.S.C. § 4247(c)(1-4):

(1) the defendant's history and present symptoms;

(2) A description of the psychiatric, psychological, and medical tests that were employed, and their results;

(3) The examiner's findings; and

(4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant "is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4247(c)(4)(A).

In addition, the examiner is directed to determine whether each defendant has sufficient mental capacity to waive his constitutional rights and to make a reasoned determination among the questions put to him.

In order to provide adequate time for the psychiatric examinations and preparation of the reports, the Court orders this matter continued to May 9, 2006, at 2:00 p.m. before this Court for

ORDER
CR 05-0611 WHA

further proceedings regarding the competency of defendants Heineman and Johnson. At that hearing, the Court will set further dates, as appropriate.

A delay in court proceedings resulting from proceedings and examinations to determine a defendant's mental competency is a statutory exclusion under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A). Further, on April 4, 2006, the government produced over 55,000 additional pages of discovery, and thus time is excludable under the Speedy Trial Act based on effective preparation of defense counsel. 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the time from April 4, 2006, to May 9, 2006, is excluded from the Speedy Trial clock.

IT IS SO ORDERED.

DATED: April 6, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

ORDER
CR 05-0611 WHA