IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00611 WHA |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR RECUSAL OF DISTRICT JUDGE WILLIAM H. ALSUP** |
| v. | |
| DALE SCOTT HEINEMAN, et al., | |
| Defendants. | |

This criminal matter is currently pending before District Judge William H. Alsup. On June 26, 2006, defendants Kurt F. Johnson and Dale Scott Heineman filed a document entitled "writ of mandamus and prohibition," in which they raised a number of challenges to their prosecution, including an assertion that Judge Alsup must recuse himself because he is biased against them. Judge Alsup sent the issue of his recusal to the Court's Executive Committee, and on August 3, 2006, the Executive Committee referred the matter to the undersigned judge. The sole issue before this Court is the matter of Judge Alsup's recusal; the other issues raised by defendants' filing, which are in the nature of mandamus, must be addressed in an appellate setting. Having considered the arguments presented in defendants' moving papers, the Court finds no basis for recusal in this case.

**BACKGROUND**

During 2004, defendants were the proprietors of a business that claimed to help homeowners eliminate their mortgages. Defendants' business operated under the "vapor money" theory of lending, which holds that loans funded through wire transfers rather than through cash are unenforceable. Defendants claimed that, through a complicated series of transactions, they could take advantage of this

loophole and legally eliminate their clients' mortgages.

In 2004, Johnson and Heineman filed a series of lawsuits against mortgage companies on behalf of their clients, seeking, among other things, a declaration that any mortgages on their clients' properties were void. All fifteen cases were assigned to Judge Alsup, who found each action to be "frivolous and . . . filed in bad faith." *See The Francis Kenny Family Trust v. World Savings Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792, at *1 (N.D. Cal. Jan 19, 2005). Judge Alsup awarded the mortgage companies in the fifteen actions over $77,000 in attorneys fees and costs, sanctioned counsel for Johnson and Heimeman in the amount of $10,000, sent a copy of his order to the State Bar of California, and sent a copy of his order to the United States Attorney for the Northern District of California based on the possibility that Johnson and Heineman had committed mail fraud and wire fraud.

On September 22, 2005, a federal grand jury indicted defendants on charges of mail fraud, wire fraud, and bank fraud. The matter was thereafter assigned to Judge Alsup. Based on his previous order, defendants now request that Judge Alsup recuse himself. The Court finds that recusal is not warranted in this case.

**LEGAL STANDARD**

28 U.S.C. § 455 governs recusal of judges. It provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard used under § 455 is an objective one: a Court must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.*

In general, actions a judge takes as part of his official duties are insufficient to call the judge's impartiality into question. *See id.* ("In determining whether disqualification is warranted under § 455(a), we also apply the general rule that questions about a judge's impartiality must stem from 'extrajudicial' factors, . . . that is, from sources other than the judicial proceeding at hand.") (citation omitted). In such a situation, the standard for recusal is high: "In the instance where the partiality develops during the

course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible." *See F.J. Hanshaw Enters., Inc. v. Emerald River Devel., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001).

**DISCUSSION**

Defendants base their recusal motion on one primary ground: comments made by Judge Alsup in his order denying their counsel's motion to withdraw in the civil cases they filed in 2004.[1] Defendants point to two such comments. First, Judge Alsup referred to their business as "an elaborate Internet scam orchestrated by plaintiffs Scott Heineman and Kurt Johnson." *The Francis Kenny Family Trust*, 2005 WL 106792 at *1. Second, he stated "[t]he Court here has seen the scam at work. Greater bad faith would be hard to imagine." *Id.* at *4. Defendants argue that these comments indicate that Judge Alsup "already has a presumption of guilt."

The Court finds that Judge Alsup's comments are insufficient to warrant recusal. "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *In re Focus Media, Inc.*, 378 F.3d 916, 931 (9th Cir. 2004) (internal quotation marks and alterations omitted). Judge Alsup's comments easily pass this standard. While the comments condemn defendants' actions,[2] they are not particularly hostile. They do not "evince[] a broader, improper design to hurt" defendants. *See id.* Instead, Judge Alsup's comments are consistent with his finding that the previous civil actions were filed in bad faith and were frivolous.

Nor does the Court find the fact that Judge Alsup referred this matter to the United States

---

[1] Defendants' motion also raises three other grounds for recusal: (1) that Judge Alsup has a "current business relationship with [defendants]"; (2) that he is "soon to be a party to a civil action filed by [defendants]"; and (3) that defendants believe "that at least a half dozen of the alleged victims' equities are retained in his judicial retirement fund." While the first and third allegations would be sufficient to warrant recusal if supported by any evidence, *see* 28 U.S.C. § 455(b), the Court finds that defendants' conclusory statements – the truth of which is highly questionable – are insufficient to warrant recusal in this case. As to the second allegation, "[a] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

[2] It is worth noting that Judge Alsup's characterization of defendants' business as a "scam" comes directly from facts provided by defendants in the civil cases they filed.

3

Attorney's office to warrant his recusal. The referral demonstrates only his belief that the law may have been broken – a belief based upon defendants' own court filings; it does not evidence "a deep-seated and unequivocal antagonism that would render fair judgment impossible." *F.J. Hanshaw Enters.*, 244 F.3d at 1145. A "well-informed, thoughtful observer" would recognize that the referral was not made out of personal malice, but out of a concern, based upon defendants' own statements, that a crime may have been committed. Indeed, elsewhere in his order Judge Alsup demonstrated that his comments and actions did not impact his ability to be an impartial jurist. In awarding attorneys' fees to the mortgage-company defendants in the civil actions Judge Alsup found that some of the requested amounts "were inflated or presented [with] insufficient specificity to support the requested amount." *The Francis Kenny Family Trust*, 2005 WL 106792 at *6. In some cases, he lowered the requested attorneys' fee by more than two-thirds. *Id.* Such actions are hardly those of one who cannot exercise fair judgment.

Defendants have not demonstrated that Judge Alsup must recuse himself from this matter. Accordingly, their motion is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for recusal of Judge Alsup.

**IT IS SO ORDERED.**

Dated: August 15, 2006

SUSAN ILLSTON
United States District Judge