IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DALE SCOTT HEINEMAN, KURT F. JOHNSON, THE DOREAN GROUP, WILLIAM JULIAN; FARREL J. LECOMPTE, JR., SARA J. MAGOON, and CHARLES DEWEY TOBIAS,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 05-00611 WHA<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION; QUASHING SUBPOENAS; AND VACATING HEARING** |

### 1.  MOTION FOR CLARIFICATION.

By order dated July 21, 2006, this Court stated that "[t]he amended cross-complaint filed by defendants Dale Scott Heineman and Kurt F. Johnson is a nullity." The "amended cross-complaint" named, among many other entities, Chase Manhattan Mortgage Corporation as "3rd-party defendants." Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation, has moved for clarification of the Court's July 21 order. Chase is not a party to this criminal case. Chase requests that the "amended cross-complaint" be declared a nullity as to it. This order makes clear that the amended cross-complaint is a nullity as to any and all persons and entities named as "3rd-party defendants" in the "amended cross-complaint." None of the named parties need respond to that document.

**2. SUBPOENAS AND NOTICES OF "PARAMOUNT CLAIM."**

Defendants Heineman and Johnson also filed numerous subpoenas addressed to: approximately 22 lenders; the undersigned; several other judges of this Court; the clerk of this Court; the United States Attorney and Assistant United States Attorneys for the Northern District of California; three Assistant Federal Public Defenders; counsels for Heineman and Johnson's co-defendants; FBI agents; Heineman and Johnson's co-defendants; and Heineman and Johnson themselves. The subpoenas request production of:

> Certified copy of a U.C.C. 11 search; certified copy of U.C.C. Financing Statement; contract supporting your claim; any and all contracts authorizing you to represent and/or accept claims on behalf of the defendants. An unconditional tender is offered for expenses related to performance by and through our exemption at H.J.R. 192 June 5, 1933, Public Law 73-10 and Public Policy.

Heineman and Johnson also filed and served numerous documents entitled "Notice of Paramount Claim, Statement of Interest in Admiralty, Demand to Show Cause With Proof of Defect in Superior Claim, Supporting Affidavit, Subpoena Duces Tecum by Process." All of them follow a an identical format. The "notice" directed at Chase, for example, reads:

> You, CHASE MANHATTAN MORTGAGE CORPORATION, have been introduced as a claimant against DALE SCOTT HEINEMAN®™ and KURT F. JOHNSON®™ in the above entitled action. Real Parties in Interest put forth their claims herein that they believe to be paramount (see Exhibit 1 & 2). You have ten (10) days in which to provide [1]verification of your claim, its priority, or in the alternative provide a certified U.C.C. 11 search demonstrating your creditor position.
>
> The production of any and/or all such evidence is to be submitted directly to the clerk of the court. Failure to do so will be a confession that no claim exists and a stipulation among the parties of our status as the paramount creditors. You are about to be named as a 3rd-party defendant in this action and this is your opportunity to exhaust your administrative remedy in admiralty to mitigate the substantial damages caused by violations of our creditor rights. You will be exempted from being named if you timely return the attached notice (Exhibit 3) to express your non-claim or inferior claim as a response.

---

[1] Confirmation of correctness, truth, or authenticity by affidavit, oath or deposition. Blacks 6th Edition.

2

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena *duces tecum*. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). A court is justified in quashing a subpoena *duces tecum* if production would be immaterial, unreasonable, oppressive and irrelevant. *United States v. Komisaruk*, 885 F.2d 490, 495 (9th Cir. 1989). Defendants have in no way demonstrated to the Court the "relevancy, admissibility, and specificity" of the documents they request. The descriptions of the documents sought by defendants are not only immaterial and irrelevant — they are incomprehensible.

In addition, the government notes that "to the extent these subpoenas to the lenders are requests to review certain loan documents, . . . [the] loan documents previously obtained by the government from lenders have been provided as discovery in this action" (Government's July 28 Response at 4). Thus, according to the government, to the extent that the proposed subpoenas request loan documents, defendants may already have those documents in their possession. This order rests on the government's representation that copies of the relevant loan documents have been produced to defendants in discovery.

Rule 17(c) was "not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (citation omitted). The proposed subpoenas by defendants Heineman and Johnson are vague and meaningless. Accordingly, while the Court recognizes defendants' right to seek the issuance of subpoenas under Rule 17(c), the subpoenas defendants have filed thus far are irrelevant and immaterial. Accordingly, they are **QUASHED**. The "Notice[s] of Paramount Claim" are a nullity as to all parties to whom they are directed.

The hearing currently scheduled for November 21, 2006, on Chase's motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 27, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3