IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KURT F. JOHNSON and DALE SCOTT HEINEMAN,<br><br>Defendant.<br>_____ / | No. CR 05-00611 WHA<br><br>**ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE THE SENTENCE** |

Kurt Johnson, acting *pro se*, has filed a motion to vacate, correct or set aside the sentence of his co-defendant Dale Scott Heineman. The motion alleges that the Court lacked jurisdiction over Heineman and that the Speedy Trial Act was violated. The motion is **DENIED** for lack of standing.

Upon motion, a federal court may vacate or set aside a sentence imposed in violation of the constitution or laws of the United States, if the Court was without jurisdiction to impose such sentence, or if the sentence is otherwise subject to collateral attack. 28 U.S.C. 2255. With limited exceptions, however, such a motion may be brought only by the individual on whose behalf relief is sought. "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id*. at § 2242. Third-party habeas standing, known as next-friend standing, is permitted only in limited circumstances:

> In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner.

*Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). The "significant relationship" prong is a relative concept: "[t]he more attenuated the relationship between petitioner and prisoner, the less likely a petitioner can know the best interests of the prisoner." *Id*. at 1160, 1162.

The instant motion seeks relief on behalf of Dale Scott Heineman and identifies Heineman as the petitioner, but it was brought by Kurt Johnson. The motion indicates that it is "presented by" Johnson, who is identified as "next of friend," and it is signed by Johnson. There is no allegation, however, that Heineman lacks capacity to litigate on his own behalf. Nor has a "significant relationship" been established. Indeed, Heineman and Johnson have been ordered not to have contact with one another. There has been no showing that Johnson is truly dedicated to the best interests of Heineman. In reply to the government's response to the motion, Johnson asserts for the first time that he and Heineman "have a private agreement to speak for one another" but given the circumstance of this case including the order that Heineman and Johnson refrain from contacting each other, the allegation is sufficient. The motion was not "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id*. at § 2242. If Heineman wishes to file a Section 2255 motion on his own behalf he may do so. The instant motion, however, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2