IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DALE SCOTT HEINEMAN,

    Defendant.

No. CR 05-00611 WHA

**ORDER DENYING DEFENDANT HEINEMAN'S MOTION FOR RELIEF FROM JUDGMENT**

    Defendant Dale Scott Heineman has filed a motion for relief from judgment pursuant to FRCP 60(b)(1)(4). As an initial matter, Mr. Heineman's case is a criminal case, so the Federal Rules of Civil Procedure do not apply. Also, there is no FRCP 60(b)(1)(4), though Mr. Heineman may intend to invoke subparts (1) and (4). The motion appears to attack the following decision by the Court: "a judgment construing this Petitioner's Petition for Writ of Habeas Corpus . . . as a 2255 petition" (caps omitted).

    A bit of background is warranted: The petition just referenced was filed on May 14, 2008. Because it was labeled a petition for writ of habeas corpus and because it was not labeled with Mr. Heineman's criminal case number, the Clerk's office filed it on a new docket, as opposed to on Mr. Heineman's criminal docket, as they otherwise do for Section 2255 motions. His criminal docket number is 05-00611, and his petition was filed on civil docket number 08-02461. Seeing the docketing problem, Judge Claudia Wilken, to whom the civil case had been assigned, designated the case as a Section 2255 motion and transferred the motion to the sentencing court. Judge Wilken's order recognized that defendant was challenging the sentence

imposed upon him by the undersigned in criminal case number 05-00611. The Clerk's office refiled the petition as a Section 2255 motion on the criminal docket (Dkt. No. 660), and it was thereafter denied (Dkt. No. 723).

The grounds for the instant motion are that the order denying the petition:

> [P]rejudic[ed] Petitioner by stealing his statutory remedy without his intention of exercising it. This is a violation of Right. Furthermore, the determination made by this Court failed to follow the holding of *Castro v. United States*, 540 US 375, 382–84. This is a violation of law. The holding of *Castro* specifically mandates the procedures that must be followed if the Court believes a motion by another claim should be construed as a 2255. The Ninth Circuit is in harmony with this holding, law, in *United States v. Lopez*[], 163 Fed. Appx. 526 (2006).

*Castro v. United States* created the following prohibition on applying restrictions to second or successive Section 2255 motions in the following situation:

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

In our case, in recharacterizing defendant's petition as a Section 2255 motion, both Judge Wilken and the undersigned failed to warn defendant that this recharacterization would mean that any subsequent Section 2255 motion would be subject to the restrictions on second or successive motions. Accordingly, the petition cannot be considered to be defendant's first Section 2255 motion for purposes of applying the restrictions on second or successive motions in the future. Regardless, the *Castro* rule has no bearing on the validity of the order denying the petition that defendant challenges in his instant motion. His motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: March 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2