UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE SCOTT HEINEMAN,<br><br>    Defendant. | No. CR 05-00611 WHA<br><br>**ORDER CERTIFYING DEFENDANT'S APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION** |

       An August 28 order reminded the parties of the in-person September 3 hearing on the pending Form 12 (Dkt. No 914). On August 30, defendant filed a "NOTICE OF INTERLOCUTORY APPEAL, AUTOMATIC STAY . . . BY AND THROUGH 11 U.S.C. 362(a)(6)" (Dkt. No. 915). That day, the Court issued an order explaining that defendant's purported interlocutory appeal had "no legitimate grounds," that the purported "stay," invoked pursuant to the Bankruptcy Code, was likewise illegitimate, and that the in-person hearing on September 3 will proceed as planned (Dkt. No. 916).

       Today, the government filed a letter requesting further clarification (Dkt. No. 917).

       *First*, the government requests "in an abundance of caution, and for the reasons set forth below . . . that the Court also make written findings and certify that Mr. Heineman's appeal is frivolous" (*ibid.*).

1    As an initial matter, there is no appellate jurisdiction. Appellate jurisdiction is limited to
2    final decisions of the district court. 28 U.S.C. § 1291. "[A] final judgment is normally deemed
3    not to have occurred until there has been a decision by the District Court that ends the litigation
4    on the merits and leaves nothing for the court to do but execute the judgment." *Van*
5    *Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988) (internal quotations omitted). "In criminal
6    cases, this prohibits appellate review until after conviction and imposition of sentence."
7    *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Nor does the collateral-
8    order doctrine apply. "In criminal cases, we apply the collateral-order doctrine with 'the
9    utmost strictness.'" *United States v. Samueli*, 582 F.3d 988, 991 (9th Cir. 2009) (quoting
10   *Flanagan v. United States*, 465 U.S. 259, 265 (1984)). "Interlocutory appeals are typically
11   unsuitable for criminal cases. In this sphere interlocutory appeals can be fatal to the
12   vindication of the criminal law because ensuing delays will threaten to prejudice the
13   government's ability to prove its case and increase litigation and detention costs." *Ibid*
14   (citations omitted). The offending order plaintiff's appeal points to is the one-page *notice of an*
15   *upcoming hearing* filed on August 28. There is no legitimate ground for an interlocutory
16   appeal.

   Defendant's purported appeal is frivolous.

   Ordinarily, "the district court loses its power to proceed from the time the defendant files
   its notice of appeal until the appeal is resolved." *United States v. LaMere*, 951 F.2d 1106,
   1108 (9th Cir. 1991). In circumstances such as these, however, the Court may retain
   jurisdiction over an interlocutory appeal by certifying that the merits of the appeal are
   frivolous. *Ibid*.

   This order certifies that defendant's purported appeal is frivolous: there have been no
   violations of due process, the Bankruptcy Code does not apply, and there is no collateral order
   from which defendant may seek relief. Defendant's claim that he received "leave of the Court"
   to file an interlocutory appeal is false. The "appeal" is little more than a last-ditch effort to
   delay the Form 12 proceedings. The Court retains jurisdiction over this matter.

*Second*, attached to the government's letter brief is a "Notice of Cease and Desist Order Upon Appeal, As Affidavit," a document that defendant submitted to Probation Officer Cecil McCarroll in the District of Nevada. Therein, defendant asserts that "any insistence that Dale-Scott-Heineman [*sic*] is required to report, file reports, drug test, et al., during this appellate process is a trespass" (Dkt. No. 917-1). As noted above, there is no ongoing appellate process. Defendant's letter, and every claim made therein, is likewise frivolous. It should be ignored by probation.

This order reiterates, again, that the September 3 hearing will proceed as planned, in person. If defendant fails to show in person, then a bench warrant for his arrest will issue.

**IT IS SO ORDERED.**

Dated: September 2, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE